UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RODRIGUEZ, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>USF REDDAWAY INC., an unknown business entity; YRC WORLDWIDE, INC., an unknown business entity; YELLOW CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:22-cv-00210-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Carlos Rodriguez's ("Plaintiff") Motion to Remand. (ECF No. 9.) Defendants USF Reddaway, Inc. ("Reddaway") and Yellow Corporation (formerly known as YRC Worldwide, Inc.) (collectively, "Defendants") filed an opposition. (ECF No. 10.) Plaintiff filed a reply. (ECF No. 12.) For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand.

///

///

///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Defendants' alleged wage and hour violations. (*See* ECF Nos. 1, 1-1.) From approximately August 2020 to May 2021, Plaintiff alleges he worked as an hourly-paid, nonexempt employee for Defendants. (ECF No. 1-1 at 7.) Plaintiff alleges that he and other aggrieved hourly-paid, nonexempt employees were subject to violations of the California Labor Code by Defendants. (*Id.* at 5–10.)

Plaintiff filed suit against Defendants in the San Joaquin Superior Court of California on December 10, 2021. (*Id.* at 1.) The Complaint asserts one claim for a violation of the California Private Attorneys General Act ("PAGA"), which alleges that Defendants have violated various California Labor Code sections, including: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay minimum wages; (5) failure to pay timely wages at termination; (6) failure to timely pay wages during employment; (7) failure to provide complete and accurate wage statements; (8) failure to keep complete and accurate payroll records; and (9) failure to reimburse necessary business-related expenses and costs. (*Id.* at 11–14.)

Defendants filed a Notice of Removal on January 31, 2022, removing the action to this Court based on federal question jurisdiction — specifically, preemption under § 301 of the Labor Management Relations Act ("§ 301" or "LMRA") and preemption pursuant to action taken by the Federal Motor Carrier Safety Administration ("FMCSA"). (ECF No. 1 at 2–3.) Plaintiff filed the instant motion to remand on March 3, 2022. (ECF No. 9.) Defendants filed their opposition on March 24, 2022.[1] (ECF No. 10.) Plaintiff filed his reply on March 31, 2022. (ECF No. 12.)

---

[1] As identified by Plaintiff, Defendants' opposition was filed eight days late. *See* E.D. Cal. L.R. 230(c) (stating an opposition to a motion shall be filed and served no later than 14 days after the motion was filed). Plaintiff asserts Defendants' delay was prejudicial, because it delayed the determination of jurisdiction by over a week. (ECF No. 12-1 at 2–3.) Defendants filed a response regarding their untimely opposition and argue the untimely opposition was due to excusable neglect stemming from a recent amendment to the Local Rules. (ECF No. 13 at 2.)

To determine whether the excusable neglect standard has been met for an untimely filing, courts consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the party; and (4) whether the party acted in good faith. *Warkentin v.*

**II.     STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

A corollary to the "well-pleaded complaint rule" is the "complete preemption" doctrine. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Under this doctrine, the preemptive force of a federal statute may be strong enough to convert state law claims into federal claims. *Id.* Complete preemption recognizes the importance of creating a single body of federal law for areas that would likely "be affected by separate systems of substantive law." *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962).

---

*Federated Life Ins. Co.*, No. 1:10-cv-00221-SAB, 2015 WL 1729797, at *2 (E.D. Cal. Apr. 15, 2015). Having considered the four factors, the Court finds there is good cause to consider Defendants' opposition, even though it was untimely by eight days. In making this determination, the Court notes the Local Rules were amended effective March 1, 2022, and the amendments changed the timeline for filing an opposition to a motion.

3

**III.  ANALYSIS**

Plaintiff moves to remand, arguing that Defendants' notice of removal fails to meet its burden to establish the PAGA action is preempted under either § 301 of the LMRA or action taken by the FMCSA.  (ECF No. 9 at 2.)

A.  <u>Whether Plaintiff's PAGA Claim is Preempted by § 301</u>

The Supreme Court has held that the complete preemption doctrine applies to § 301 of the LMRA.  *Caterpillar Inc.*, 482 U.S. at 393.  If a claim derived from a collective bargaining agreement ("CBA") is preempted, it is said to be one arising under "the laws of the United States" within the meaning of the removal statute and within the "original jurisdiction" of the district courts.  *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968).  State law does not provide for an independent source of private rights to enforce CBAs.  *Id.* at 560–61.

The Supreme Court has insisted that § 301 does not preempt "every dispute concerning employment, or tangentially involving a provision of a [CBA]."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  To determine whether § 301 preempts a given claim, courts apply a two-step test.  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019).  First, courts ask whether the claim involves a right existing "solely" from a CBA, rather than from state law.  *Id.*  Under this step, if the asserted claim is brought "purely to vindicate a right or duty created by the CBA itself," the claim is preempted.  *Id.*  If not, then the inquiry proceeds to step two.  *Id.* at 1153.  At step two, courts ask "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA], which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA."  *Id.* (alterations in original).  "At this second step of the analysis, 'claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'"  *Id.*

In cases with a PAGA claim, courts look through the PAGA claim to assess the underlying California Labor Code claims.  *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1235 (S.D. Cal. 2021).  Thus, if a court has original jurisdiction over the predicate California Labor Code claims, it also has original jurisdiction over the PAGA claim.  *Radcliff v.*

4

*San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021); *see also Nettles v. Paramedics Logistics Operating Co., LLC*, No. 21-cv-08895-MMC, 2022 WL 137631, at *1 (N.D. Cal. Jan. 14, 2022).

With these principles in mind, the Court applies them to the alleged California Labor Code claims underlying Plaintiff's PAGA claim.

### *i.    Overtime Claim*

Plaintiff bases part of his PAGA claim on Defendants' alleged failure to pay overtime. (ECF No. 1-1 at 11.)  Plaintiff asserts the right to overtime does not exist solely because of a CBA, and thus, there is no preemption.  (ECF No. 12 at 7.)

California Labor Code § 514 states:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

The Ninth Circuit held that if an employee's CBA "meet[s] the requirements of [California Labor Code §] 514, [the employee's] right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *see also Radcliff*, 519 F. Supp. 3d at 750–51; *Nettles*, 2022 WL 137631, at *1.

Defendants have provided the declaration of Jared Smith ("Smith Declaration") that states the majority of Reddaway's hourly, nonexempt employees are covered by CBAs containing provisions regarding the employees' wages rates, meal and rest periods, working conditions, overtime, and timekeeping.[2]  (ECF No. 10-1 at 2–3.)  The Smith Declaration declares Plaintiff was a union employee and his employment was subject to the CBAs.  (*Id.* at 3.)  Additionally, the Smith Declaration declares the hourly pay rate for the aggrieved employees varied year to year but did not decrease, and the average hourly pay rate for the aggrieved employees was $22.54 in 2021.  (*Id.*)  Thus, Defendants argue the average hourly rate for the aggrieved employees was

---

[2]   Jared Smith declares he oversees Reddaway's human resources functions and is familiar with Reddaway's labor relations.  (ECF No. 10-1 at 2.)

1  30% more than California's minimum wage, meeting the hourly rate requirement of California

2  Labor Code § 514.  (ECF No. 10 at 12.)

3  On reply, Plaintiff argues Defendants' evidence does not demonstrate the CBA itself

4  provides for a regular hourly rate at least 30% more than the state minimum wage.  (ECF No. 12

5  at 8.)  However, in addition to the CBA itself, courts can consider declarations of human

6  resources personnel regarding the hourly rate of aggrieved employees when determining if the

7  hourly rate meets the requirements of California Labor Code § 514.  *See Martinez*, 514 F. Supp.

8  3d at 1238.  In *Martinez*, the court noted how the defendant's declaration failed to provide

9  evidence of the ultimate regular rate.  *Id.*  In contrast to *Martinez*, the Smith Declaration provides

10  the specific average hourly rate for aggrieved employees in 2021 — $22.54.[3]  (ECF No. 10-1 at

11  3.)  Thus, the hourly rate requirement of California Labor Code § 514 has been satisfied.[4]

12  While Plaintiff argues his own payroll records evidence an hourly rate of less than 30% of

13  California's minimum wage, and thus, it is not possible that his CBA provided for the necessary

14  hourly rate, this argument is unavailing.  (ECF No. 12 at 4.)  Even if a plaintiff is not a party to

15  the CBA, courts "must still interpret the [CBA] to determine whether a violation occurred as to

16  the [a]ggrieved [e]mployees."  *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV 21-

17  09959-MWF (AGR), 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022) (rejecting the argument

18  that § 301 preemption did not apply because the plaintiff was not a party to the CBA).  Thus, even

19  if Plaintiff's hourly rate did not meet the requirement of California Labor Code § 514, preemption

20  under § 301 can still apply because the hourly rate requirement has been met for other aggrieved

21  employees.  Indeed, there is evidence of the existence of multiple CBAs covering the aggrieved

22  employees.  (*See* ECF No. 10-1 at 2–3.)

---

[3]  Plaintiff acknowledges an hourly pay rate of at least $18.20 in 2021 would satisfy the hourly rate requirement.  (ECF No. 12 at 7 n.1.)

[4]  In his reply, Plaintiff focuses on the hourly rate requirement of California Labor Code § 514 and he does not argue the other requirements of that section have not been met.  (*See* ECF No. 12 at 7–8.)  But even if Plaintiff did contest the other requirements of California Labor Code § 514, the Court finds those requirements have been met by the Smith Declaration and the attached CBA provisions.  (*See* ECF No. 10-1.)

Therefore, the Court finds the requirements of California Labor Code § 514 have been satisfied, and thus, the right to overtime exists solely as a result of the CBAs. Accordingly, Plaintiff's overtime claim is preempted by § 301 of the LMRA and the Court has federal question jurisdiction over this claim.

### ii. Meal Period Claim

Plaintiff also bases part of his PAGA claim on Defendants' alleged failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512. (ECF No. 1-1 at 11–12.) Plaintiff argues the right to meal periods does not exist solely because of a CBA and § 301 preemption does not apply. (ECF No. 12 at 8.)

Under California Labor Code § 512(f)(2), the requirements of § 512 do not apply to an "employee employed as a commercial driver" if the following two conditions are met:

> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

California Labor Code §§ 512(e)(1)–(2).

First, although Plaintiff was a dockworker for Reddaway, Reddaway also employs commercial motor vehicle drivers. (ECF No. 10-1 at 3.) Thus, at least some of the aggrieved employees Plaintiff has filed suit on behalf of are commercial drivers under California Labor Code § 512(f)(2). *See Braswell*, 2022 WL 707206, at *4 (noting that when a plaintiff files suit on behalf of employees covered by a qualifying CBA, the plaintiff's own lack of CBA coverage is not a defense to § 301 preemption). Second, as discussed above, Defendants have shown there are valid CBAs providing for wage rates, meal and rest periods, working conditions, overtime, and timekeeping of employees, and the average hourly rate of pay for the aggrieved employees was more than 30% over California's minimum wage in 2021. (ECF No. 10-1 at 2–3, 24.) Third,

the CBAs contain provisions providing for final and binding arbitration of disputes concerning application of meal period provisions. (*Id.* at 3, 7–8, 20.)

Since the requirements of California Labor Code § 512(e) have been met for at least some of the aggrieved employees, Plaintiff's meal period claim is preempted by § 301 of the LMRA. *See Radcliff*, 519 F. Supp. 3d at 751–52 (finding *Curtis* should be extended to preempt meal period claims made by an employee who falls within the exemption set forth in California Labor Code § 512(e)); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021) (finding that when California Labor Code § 512(e) preempts § 512, the meal period claim is also preempted by § 301 of the LMRA); *Braswell*, 2022 WL 707206, at *4. Thus, the Court has federal question jurisdiction over Plaintiff's meal period claim.

       *iii.*  *Failure to Timely Pay Wages During Employment Claim*

Plaintiff also bases part of his PAGA claim on Defendants' alleged failure to timely pay wages during employment in violation of California Labor Code § 204. Plaintiff argues the right to timely wages during employment does not exist solely because of a CBA. (ECF No. 12 at 10.)

California Labor Code § 204(a) states in pertinent part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

However, California Labor Code § 204(c) provides "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." Thus, if a CBA meets the requirements of California Labor Code § 204(c), then a claim under California Labor Code § 204 is preempted by § 301 of the LMRA. *See Tolentino v. Gillig, LLC*, No. 20-cv-07427-MMC, 2021 WL 121193, at *3–4 (N.D. Cal. Jan. 13, 2021); *Johnson v. S.F. Health Care & Rehab Inc.*, No. 22-cv-01982-JSC, 2022 WL 2789809, at *8 (N.D. Cal. July 15, 2022).

1 Here, the CBAs for the aggrieved employees provide for a different pay arrangement than that required by California Labor Code § 204(a), which provides for semimonthly pay periods. Instead, the CBAs provide for biweekly pay periods. (ECF No. 10-1 at 10, 21.) Additionally, while the CBAs allow for semimonthly pay periods by mutual agreement, they do not impose the same payday requirements as California Labor Code § 204(a). (*Id.*) Thus, California Labor Code § 204(c) applies.[5] As a result, the right to timely wages during employment is not conferred by California Labor Code § 204, but the CBAs. Accordingly, Plaintiff's claim for failure to timely pay wages during employment is preempted by § 301 of the LMRA. Therefore, the Court has federal question jurisdiction over this claim.

In sum, the Court has federal question jurisdiction over Plaintiff's PAGA claim to the extent it is based on Plaintiff's underlying claims for overtime, meal periods, and failure to timely pay wages during employment.[6]

### B.   Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).

Plaintiff's remaining predicate claims of rest periods, minimum wages, timely wages upon termination, accurate wage statements, accurate payroll records, and expense reimbursement "arise from the same working conditions and relationship with Defendant[s] during the same period as Plaintiff['s] overtime, meal period, and [failure to timely pay wages during

---

[5]   Plaintiff argues California Labor Code § 204(c) does not apply because the CBAs' pay arrangements align with the requirements of California Labor Code § 204(d). (ECF No. 12 at 10–11.) However, California Labor Code § 204(c) is concerned with whether a CBA applies different pay arrangements than that in § 204(a). *See Tolentino*, 2021 WL 121193, at *3; *Johnson*, 2022 WL 2789809, at *8.

[6]   Because of the Court's finding regarding supplemental jurisdiction *infra*, the Court need not address the parties' arguments regarding the other California Labor Code claims underlying Plaintiff's PAGA claim. For the same reason, the Court need not address Defendants' assertion that there is federal question jurisdiction because of preemption by the FMCSA.

employment] claims." *Gay v. Pac. Steel Grp.*, No. 20-cv-08442-HSG, 2021 WL 2917095, at *3 (N.D. Cal. June 15, 2021). As such, the Court finds Plaintiff's remaining predicate claims derive from a "common nucleus of operative fact" and the Court asserts supplemental jurisdiction over the remaining claims underlying Plaintiff's PAGA claim. *See Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004); *Gay*, 2021 WL 2917095, at *3; *Jimenez*, 2021 WL 5999082, at *13.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Remand. (ECF No. 9.)

IT IS SO ORDERED.

**DATED: December 29, 2022**

Troy L. Nunley
United States District Judge